CHARLES DOUGLASS, PLAINTIFF, v. CAESAR KABALAN, DEFENDANT.

Decided February 28, 1944.

For the plaintiff, *John Henry Reiners, Jr.*

For the defendant, *Nathan C. Staller* (by *Albert B. Melnik*).

BURLING, C. C. J. and S. C. C. This action was tried by the court with a jury and verdict was rendered in favor of the plaintiff against the defendant in the sum of $865.

Within due season, an application was made by the defendant and a rule was granted by my predecessor, to show cause why the verdict in the cause should not be set aside and a new trial granted. Leave was granted to take depositions to be used on the argument of the rule.

The following reasons were assigned by the defendant:

(1) Because the verdict is against the weight of the evidence.

(2) Because the verdict is against the evidence.

(3) Because the verdict is contrary to law.

(4) Because the verdict is the result of passion, prejudice and mistake.

(5) Because of the misconduct of a juror who, during the course of one of the recesses during the trial, was wrongfully and unlawfully engaged in conversation with plaintiff's material witness, all of which was prejudicial to the rights of the defendant.

(6) Because the jury arrived erroneously at its verdict.

(7) Because the jury improperly and unlawfully reached its verdict.

Upon consent of both parties, a rule was entered herein to continue the hearing upon this rule before me.

Delay has occurred in the disposition of the rule because of the inability of the parties to obtain a transcript of the evidence taken at the trial, and the following stipulation was entered into:

"Counsel for the respective parties hereby stipulate and agree that the court shall consider as the reasons assigned for the granting of a new trial in the above entitled cause, the following:

"1—Because of the misconduct of a juror who, during the course of one of the recesses during the trial, was wrongfully and unlawfully engaged in conversation with plaintiff's material witness, all of which was prejudicial to the right of the defendant;

"2—Because the jury improperly and unlawfully reached its verdict.

"The other reasons heretofore assigned as grounds for a new trial are waived for the reason that it was impossible to secure a transcript of the evidence taken at the trial of the cause, the stenographer who took the testimony having died shortly after the above stated case was tried and her notes of testimony not ever having been found."

Depositions in the *interim* were taken pursuant to the terms of the rule, by the defendant of Mary Kabalan, wife of the defendant and of Margaret Rea, employee of the defendant. Neither of these witnesses testified that the alleged conversation between the juror and the witness related to the

case. Their testimony at the best was to the effect that the conversation lasted from two to four minutes in the open court room during an afternoon recess. Depositions were also taken by the plaintiff of Florence Potts, an employee of the plaintiff. There is a direct and positive denial by the witness, Florence Potts, of any conversation with the juror.

The burden of proof to sustain the reasons assigned upon the argument of the rule rests with the proponent, the defendant in this case.

The juror was alleged to be a female, and since there was only one female juror among the twelve who served, her identity and residence was available beyond a doubt from the court records for that purpose. The conduct under investigation was external to the jury room and her testimony was competent.

An opportunity was extended by me to enlarge the terms of the rule to permit the deposition of the juror to be taken and it was not accepted.

In the syllabus of *Kennedy* v. *Kennedy* (*Supreme Court,* 1842), 18 *N. J. L.* 450, it was held:

"On rule to show cause why verdict should not be set aside, on the ground of misbehavior of jury, the affidavit of jurors in their own exculpation are admissible in evidence."

And in the case of *In re Collins' Will* (*Cape May County Circuit Court,* 1940), 18 *N. J. Mis. R.* 492 (at *p.* 496) ; 15 *Atl. Rep.* (2d) 98, 100, it was held:

"Depositions of the members of the jury are presented on behalf of the appellant in the effort to protect the verdict. Such depositions may be employed to enable jurors to exculpate themselves from a charge of misconduct. *Kennedy* v. *Kennedy,* 18 *N. J. L.* 450; *Hutchinson* ads. *Consumers' Coal Co.,* 36 *Id.* 24."

The proofs, even of non-pertinent conversation with the juror by the witness in the open court room, are not satisfactory. The charge was based upon the testimony of the defendant's wife and of an employee of the defendant and they remained silent after the alleged event, until after the adverse verdict, despite the careful warning of the trial judge at the noon recess of the trial to report any such occurrences.

Since the reasons assigned as to the verdict that relate to the weight of the evidence were required to be abandoned, resort to the test of improper reflection in the verdict of a conversation (if so held) relating to a material part of the case is unavailable. Nevertheless and although I am obliged to dismiss the rule, such charges are not to be treated lightly. It is not amiss to state that it is an impropriety which exposes a juror to suspicion if conversations are to be engaged in between a witness and juror during the course of a trial, even if it appears that the conversation was not germane to the subject-matter of the trial. Precaution leads to prevention. The appearance of evil should be as much avoided as evil itself.

Appropriate rule of discharge may be presented.